UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESLACO HOLDING COMPANY, L.L.C., | § | |
| | § | |
| v. | § | MISC. NO. H-07-0317 |
| | § | |
| CRAIN, CATON & JAMES, P.C. | § | |

## ORDER

This matter is before the court on Weslaco Holding Company, L.L.C.'s (Weslaco) motion to compel production of documents from Crain, Caton & James P.C. (Crain Caton) (Dkt. 1).[1] Having considered the parties' submission and the law, the court concludes that Weslaco's motion should be granted, with the conditions set forth below.

Weslaco, as assignee of all claims held by Caldwell/VSR, Inc., is the plaintiff in an action against Hilton C. Pittman, and others (collectively defendants) currently pending in United States District Court for the Eastern District of Virginia. Weslaco is suing defendants, who were controlling shareholders in Caldwell/VSR, Inc., for breach of an investment agreement between Caldwell/VSR, Inc. and two investors. The subject investment agreement provided that if Caldwell/VSR, Inc. failed to make required payments under the investment agreement, defendants would pay Caldwell/VSR, Inc. the amount in cash necessary to allow it to cure its breach of the

---

[1] The district court referred the motion to this magistrate judge for disposition (Dkt. 3).

investment agreement. The potential liability of defendants under the investment agreement was capped as follows:

> . . . [T]he maximum amount that the [defendants] shall be liable for pursuant to this section 7(r) shall not exceed the total amount of costs and expenses (including without limitation, attorneys' fees and expenses, litigation costs and expenses, and settlement costs and expenses) incurred by [Caldwell/VSR, Inc.] in connection with . . . the lawsuit filed by Juan Raul Cantu, et al. against Caldwell/VSR, Inc. (the "Environmental Matter"), . . . and any other action, proceeding or litigation arising from or related to such lawsuit.

Crain Caton represented Caldwell/VSR, Inc. and an individual, Michael Rasmussen, in the Environmental Matter referenced in the above provision of the investment agreement. Therefore, Weslaco caused a subpoena to issue from this court directing Crain Caton to produce:

> All documents reflecting attorney's fees and expenses, litigation costs and expenses, and settlement costs and expenses incurred by or on behalf of Caldwell/VSR, Inc., in connection with the lawsuit filed by Juan Raul Cantu, et al., against Caldwell/VSR, Inc., and any other action, proceeding or litigation arising from or related to such lawsuit.

Crain Caton objected to the subpoena on the grounds of the attorney-client and attorney work product privileges.[2] Crain Caton bears the burden of demonstrating that the requested documents are privileged from discovery. *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001); *Huie v. DeShazo*, 922 S.W.2d 920, 926 (Tex.

---

[2] Caldwell/VSR, Inc. has waived its privilege, but Rasmussen has not. Neither Weslaco nor Crain Caton has been able to locate Rasmussen.

1996); *Borden, Inc. v. Valdez*, 773 S.W.2d 718, 720 (Tex. App.—Corpus Christi 1989, orig. proceeding) (not all communications between a client and an attorney are privileged, and the burden is on the party resisting discovery to show that the communication was, in fact, protected by the privilege).

Under Texas law,[3] "the attorney-client privilege does not encompass such nonconfidential matters as the terms and conditions of an attorney's employment, the purpose for which an attorney has been engaged, or any of the other external trappings of the relationship between the parties." *Duval County Ranch Co. v. Alamo Lumber Co.*, 663 S.W.2d 627, 634 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.); *see also Jim Walter Homes, Inc. v. Foster*, 593 S.W.2d 749, 752 (Tex.Civ.App.—Eastland 1979, no writ) (fee agreement is not privileged because it is a matter collateral to the professional relationship, and has no bearing on the merits of the matter on which the attorney was hired); *Stewart Abstract Co. v. Judicial Comm'n of Jefferson County*, 131 S.W.2d 686, 690 (Tex.Civ.App.—Beaumont 1939, no writ) (account and ledger books

---

[3] The parties have not briefed the issue of whether state (and if so, which state) or federal law applies to Crain Caton's privilege claim. Weslaco cites authority from a variety of federal district courts, none in the Southern District of Texas. Crain Caton assumes Texas law applies, but supplies no Texas authority. Response, at 2 ("Crain Caton acknowledges the cases cited in the "Memorandum in support of Weslaco's Motion to Compel Records from Crain, Caton & James," but Crain Caton has not located Texas cases holding the same."). The Environmental Matter was pending in a Texas state court within the Southern District of Texas, Crain Caton is located in Houston, Texas, and the parties have not argued that Texas law varies from federal law or the law of another state. Therefore, the court applies Texas privilege law.

showing names of clients, nature of services rendered, and payments were not privileged); TEX. R. EVID. 503 (providing a privilege against disclosure of "confidential communications made for the purpose of facilitating the rendition of professional services to the client.").

In addition, attorney billing records generally are not protected by the attorney work product privilege, which protects against "disclosure of specific documents, reports, communications, memoranda, mental impressions, conclusions, opinions, or legal theories, prepared and assembled in actual anticipation of litigation or for trial." *Evans v. State Farm Mut. Auto. Ins. Co.*, 685 S.W.2d 765, 767 (Tex. App. – Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Brown & Root U.S.A., Inc. v. Moore*, 731 S.W.2d 137, 141 (Tex. App. – Houston [14th Dist.] 1987, no writ).  The attorney work product doctrine is "not an umbrella for materials assembled in the ordinary course of business." *Id.*; *see* TEX. R. CIV. PROC. 192.5 (protecting from production "material prepared or mental impressions developed in anticipation of litigation or for trial" or "a communication made in anticipation of litigation").

Weslaco has shown that the requested documents are relevant to its pending action in the United States District Court in the Eastern District of Virginia.[4]  Crain

---

[4] It appears that Westlaco is requesting only billing records related to Crain Caton's work for Caldwell/VSR, Inc.  Implicit in Crain Caton's objection is their position that records related to Caldwell/VSR, Inc. are so intertwined with those for Rasmussen that they cannot be separated.  Otherwise, there would be no basis for the objection because Caldwell/VSR, Inc.

Caton has not shown that the requested documents are covered by either the attorney-client or attorney work product privileges. They do nothing more than assert a blanket objection. While it is conceivable that attorney billing records could be so detailed as to include attorney-client or work product material, that is not the usual case and there is no indication that is the case here.

In any event, Weslaco does not object to allowing Crain Caton to redact the records to obscure specific references that in fact reflect attorney-client communications or work product. As noted above, the fees and expenses charged (including the rate charged and the number of hours worked) and the general nature of services provided (such as legal research, or preparation for a deposition) are not privileged. If after production disputes arise regarding the validity of Crain Caton's redactions, the parties can submit the disputed document for *in camera* inspection.

Weslaco's request for costs and attorneys' fees incurred in pursuing this motion is denied. While the court overrules Crain Caton's blanket privilege objection, there is no evidence before the court that counsel for Weslaco made serious efforts to resolve the matter before bringing the instant motion.[5] It is therefore,

---

has waived its privilege.

[5] While Weslaco states in its motion that it made a good faith effort to resolve this dispute before filing its motion, Weslaco offers no specifics regarding its communications with counsel for Crain Caton, and there is no certificate of conference as required by Local Rule 7.1. Given that Weslaco in its motion made the suggestion that Crain Caton produce

ORDERED that Weslaco's motion to compel (Dkt. 1) is granted. Crain Caton shall produce the documents, after redacting only specific entries in the records that reflect attorney-client communications or work product material, on or before June 25, 2007. This court shall retain jurisdiction for the limited purpose of conducting an *in camera* inspection to determine the validity of a specific claim of privilege, if necessary. All other relief requested in the motion is denied.

Signed at Houston, Texas on June 15, 2007.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge

---

redacted documents, and Crain Caton seeks permission to produce redacted documents as alternative relief in its response, it is unclear why counsel could not have resolved this matter without court intervention.